AO 91 (Rev. 11/11)  Criminal Complaint

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
JAN 29 2019
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Merrick West | ) | Case No. H19-0195M |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 9, 2019__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Secion 922(g)(1) | Possession of a Firearm by a Felon |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

ATF Special Agent Seemanth Raj
Printed name and title

Sworn to before me via telephone.

Date: 01/29/2019

_____
Judge's signature

City and state: Houston, Texas         PETER BRAY, UNITED STATES MAGISTRATE
Printed name and title

## AFFIDAVIT SPECIAL AGENT SEEMANTH RAJ IN SUPPORT OF CRIMINAL COMPLAINT

The Affiant being duly sworn does depose and state the following:

1. I, Seemanth Raj, am currently employed as a Special Agent in the Bureau of Alcohol, Tobacco and Firearms & Explosives (ATF) and have been so since 2017. I was previously employed as a Police Officer with the Houston Police Department in Houston, Texas for four years. I am a graduate of Webster University in St. Louis, Missouri with a Bachelor of Arts Degree in Psychology. I am also a graduate of the Federal Law Enforcement Training Center and the ATF National Academy where I received specialized training on criminal violations of Federal firearms statutes. As a Special Agent with the ATF, I am vested with the authority to investigate violations of Federal laws, including Titles 18 and 26, United States Code.

2. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; (c) information provided to me and other law enforcement

officers by an anonymous tip; (d) review of consensually monitored and/or recorded interviews; (e) criminal history records maintained by various law enforcement agencies, Houston Police Department ("HPD") and the National Criminal Information Center ("NCIC"); and (f) the training and experience of myself and other law enforcement agents and officers.

3. On January 9, 2019, Officers with the Houston Police Department North Division Crime Suppression Team (CST) received information that an individual was wanted on an Aggravated Robbery warrant. Officers confirmed the warrant for Jamaris HAYES (07/22/1999) and traveled to the Acres Homes area of Houston, Texas where they spoke to Jevette Hayes, whom they found to be credible and reliable. Jevette Hayes said that she is HAYES mother and that HAYES left the home earlier in the day, traveling in a silver 2006 Infiniti vehicle with paper tags.

4. CST Officers observed silver Infiniti with paper tags making a south turn onto Parkes Street from Dolly Wright Street at the 7300 block of Parkes Street in the Acres Homes area of Houston, Harris County, Southern District of Texas.  Officers then

observed the vehicle reversing in a moving lane of traffic. Officers pulled a marked patrol vehicle behind the Infiniti. Officers in a marked patrol vehicle observed the silver Infiniti stop reversing and enter a driveway on the west side of Parkes Street. Officers activated the emergency lights on their patrol vehicle and attempted to make a traffic stop on the silver Infiniti. As officers were positioning their vehicle behind the Infiniti, Merrick WEST (04/10/1997) began to exit the passenger side of the Infiniti. He kept his back to CST Officer Tharp and began to walk away, toward the front of the vehicle. Officer Tharp was unable to see WEST'S face, nor the location of his hands.

5. Due to HAYES having an open warrant for Aggravated Robbery and the as of yet unknown nature of the relationship between HAYES and WEST, Officer Tharp pointed his weapon at WEST and told him to stop moving and to show his hands. Officer Tharp observed CST Officer Hicok position himself in front of WEST to cut off any avenue of escape, as it appeared that WEST would flee. WEST looked at Officer Hicok and then turned slightly to look in Officer Tharp's direction. Officer Tharp again told the WEST to

show his hands and WEST began to raise them above his head. CST Officer Little detained WEST without further incident, conducted a pat down frisk for officer safety and located a silver and black hand gun in his left front pocket.

6. HAYES was identified as the driver and a black firearm was located between the driver seat and the center console.

6. The firearm is a Ruger, P345 .45 Caliber pistol, s/n 66443185. Using law enforcement databases which officers find to be credible and reliable, the firearm was confirmed to be a stolen and to have been reported stolen in Harris County, Case number # 160110020, with a date of theft of 07/08/2016.

7. On January 9, 2019, Houston Police Department Robbery Division Violent Offenders Squad Detective Jeff Miller interviewed WEST at ATF-Houston. Detective Miller Mirandized WEST and he agreed to speak to Detective Miller. Detective Miller asked WEST about the above-mentioned firearm, which was found in his possession. WEST admitted to possessing the firearm. WEST stated that "RJ" introduced him to an unknown

Page 4 of 6

individual from whom he purchased the firearm. WEST stated he bought the firearm as protection after someone pulled a gun on him at a basketball court the previous day.

8. On or about January 16, 2019, I conducted a preliminary investigation regarding the criminal history of Merrick Daezohn WEST query (B/M, DOB 04/10/1997), FBI # 327466AH6, SID # TX50573477, TX DL # 39018491). Through this investigation I learned that WEST was incarcerated at the Texas Department of Corrections for two (2) years in 2015 for the felony offense of Robbery.

9. On January 23, 2019, I was in contact with Special Agent David Lesh who is a recognized expert in the interstate movement of firearms. Special Agent Lesh determined that the Ruger, P345, .45 Caliber pistol, s/n 66443185 was not manufactured in the State of Texas and therefore would have traveled in interstate commerce to arrive in the State of Texas.

10. Based on the foregoing and evidence, I believe that probable cause exists for the issuance of an arrest warrant for

WEST for the violation of Title 18 USC, Sec. 922(g)(1).

_____
SEEMANTH V. RAJ
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me on this the 29 day of January, 2019 and I find probable cause.

_____
PETER BRAY
United States Magistrate Judge